### REUBEN HARPSTER v. JOSEPH BROWER ET AL., TRUSTEES.

1. NOT VOID BECAUSE FULL STATUTORY NOTICE NOT GIVEN.

The township trustees will not be enjoined from erecting a building for the use of the township, after the funds for such purpose have been paid into the township treasurer, on the ground that the notice for the election submitting the proposition for the erection of such building was not given the full time required by statute.

2. ERECTION OF BUILDING NOT TO BE ENJOINED, AFTER FUND PAID IN, BECAUSE OF DEFECTIVE ELECTION NOTICE.

An election will not be declared void because the notice required by statute was not given for the full length of time specified, when it appears that the great body of electors had actual notice of and participated in the election.

Appeal to the Court of Common Pleas of Allen county.

MOORE, J.

This action is appealed from the court of common pleas, in which court the action was originally brought to enjoin the defendants, Trustees of Sugar Creek township, from contracting to erect, or cause to be erected, any town hall or building for the public use of said township.

The petition avers in substance that the plaintiff is a taxpayer of the said township, and the defendants are the duly elected and qualified trustees thereof. That as such trustees, without any warrant or authority of law, and without giving the notice as required by sec. 1443, Rev. Stat., of holding an election as therein provided, are proceeding to and will erect a town hall at a cost of more than $1,000. It is also averred that the township has a good, suitable and commodious building sufficient for the purposes of the public, and that the erection of said town hall will be a useless expenditure of money collected by taxation from the taxpayers of such township; that the trustees are threatening to and will, unless restrained, misapply and use the public funds raised and to be raised for the erection of such township building.

The plaintiff prays that the defendants may be enjoined from contracting for the erection of such building, or doing any act in regard thereto, or paying or causing to be paid any of the public funds for the erection of such building.

Admitting that the plaintiff is a resident taxpayer of the township, and the defendants are the trustees, as alleged, and that the defendants intend to use the taxes levied and now collected in Sugar creek township, for the purpose of erecting a town hall, the defendants deny all the other averments of the petition.

Other matters are alleged in the answer, controverted by reply, which, in view of the facts as deduced from the evidence, it is unnecessary further to notice.

It appears from the evidence that on March 4, 1889, the trustees of Sugar creek township ordered a vote to be taken for the levying of a tax to build a town hall, the vote to be taken at the next general election. On the next day, being March 5, the notices were posted in five public places in the township, as required by statute, and the spring election was held on April 1, at which time, in pursuance of the order of the trustees and the notice, the electors did vote on the proposition thus submitted. The township had in all from 240 to 250 electors. There

was present and voted at the spring election of 1889, 232 of such electors, and there were cast upon the proposition to build the town hall 202, 152 for and 50 against, being a majority in favor of such proposition of 102, and a majority of all the votes of the township of over fifty.

The trustees afterwards levied a tax of two mills upon the dollar valuation of the taxable property of the township for the purpose of erecting such building, and certified the same to the auditor of the county, who placed it upon the tax duplicate for that purpose, and the treasurer of the county collected it without protest or objection on the part of the plaintiff or any other person so far as it is shown, and paid it to the treasurer of the county. The amount thus collected is $1,142.90. There has been paid from this and before the commencement of this suit, $150 for a site upon which to erect the building, leaving in the hands of the treasurer nearly $1,000 unexpended, and now sought to be used by the trustees for the purpose for which the tax was levied which produced it, and for which the taxpayers paid it.

The evidence satisfies us that the township does not have or possess a suitable and proper building for township purposes as is alleged in the petition that it does.

The fund thus raised can be used for no other purpose than that for which it was raised, and unless so used will remain idle in the treasury, and a loss to the taxpayers. So the question arises whether, upon this state of facts, will the trustees be enjoined as prayed for in the petition, upon the application of a single taxpayer, from the appropriation of this fund to the purpose for which it is levied and collected? We think not. We are not called upon to determine the question raised upon the notice given for the election as provided for by sec. 1443, Rev. Stat.

The purpose of the notice is to inform the electors that they will be called upon to elect—to make choice—and by ballot express such choice upon the proposition submitted. If the large body of the electors, as in this case, had actual notice, and exercised the right to vote upon the proposition, and a large majority nearly all the electors, did vote upon it, with a large majority of all the electors voting in favor of it, we are not prepared to say that one who participated in such election, could have it declared void. The supreme court of Ohio, in the case of Forster v. Scarff, 15 O. S., 532, Brinkerhoff, C. J., rendering the opinion, says:

"In deciding this case, we do not intend to go beyond the case before us, as presented by its own peculiar facts. We do not intend to hold, nor are we of opinion, that the notice by proclamation, as prescribed by law, is *per se* and in all supposable cases, necessary to the validity of an election. If such were the law, it would be in the power of a ministerial officer, by his misfeasance, always to prevent a legal election. We have no doubt that where an election is held in other respects as prescribed by law, and notice in fact of the election is brought home to the great body of the electors, though derived through means other than the proclamation which the law prescribes, such election would be valid."

In the case at bar, the great body of the electors not only had notice of the election, but more than four-fifths of all the qualified voters of the township voted upon the proposition of erecting a town hall, and more than three-fifths of all the electors voted in favor of the proposition. We would, under such condition, be far from holding that the election should be declared void.

I have said, however, we are not called upon to pass upon this question. The plaintiff seeks in this action to have the defendants enjoined from using the fund already collected and in the hands of the township treasurer, appropriated and used for the purpose for which it was levied and paid. The levy and collection was acquiesced in by the taxpayers of the township without protest or objection—beyond the vote that a meager minority cast at the election  The suit is brought on the part of the plaintiff alone. If he had such right to appeal to a court of equity, it should have been done before the taxes were levied and the

fund raised. It is not sufficient for him to say that he was ignorant of such levy. The township records as well as those of the auditor's office were open to his investigation, and he had the right to, and could have ascertained the purposes for which each levy was made.

Again—the plaintiff can and is only injured to the extent of the tax which he has paid. He can have no grievance beyond that. The statute provided him an ample remedy for any wrong he may have suffered.

Sec. 5848, Rev. Stat., gives such remedy.

The plaintiff, however, disregarded the plain and adequate remedy that is given by statute to have the wrong, if any he had to complain of, redressed. He waited until the fund was raised, a portion of it expended, and now seeks to enjoin the further use of it for the purpose for which it was paid, when it can be used for no other.

It may be said in this connection that the purpose of this tax so levied and collected, is an entirely legitimate one. It is for a public purpose, and the only objection now urged is an irregularity in the action of the trustees precedent to the levy. It, in my judgment, presents a very different case from many of those which we have to deal with, in which the taxing power of the authorities is invoked and exercised to raise money to build machine shops, aid in building railroads, etc. And while such have been to some extent upheld, every good lawyer knows, or ought to know, that they are in violation of the constitution, which undertakes to limit the levying of taxes to purely governmental purposes. Such grant or exercise of the taxing power last named, is most vicious, inexcusable and illegal.

We have no such case, as will be seen by the statement of the case which I have attempted to make. The right to levy taxes for public buildings is clearly a legal and proper one.

It must be further said, that if the failure of the trustees to give the notice of the election as required, would in the first instance render the taxation invalid, we are of opinion that the payment by the taxpayers, and their acquiescence in such payment when the right at law existed for them to recover it from the treasury, ratifies the action of the trustees, and vests them with the right to appropriate and use the fund for the purpose for which it was contemplated it should be used when the levy was made. We conceive no ground upon which the plaintiff is entitled to the relief asked.

The decree will be for the defendants, dismissing the petition at plaintiff's costs.

W. B. Richie, for plaintiff.

James E. Price, for defendants.